IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R. CASPER ADAMSON,
     Petitioner,

vs.                             Case No.  3:08cv203/LAC/EMT

WALTER A. McNEIL,
     Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's habeas petition filed under 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an answer and relevant portions of the administrative and state court record (Doc. 24), and Petitioner filed a reply (Doc. 29).  Also pending is Petitioner's Motion for Discovery (Doc. 33) and Motion to Expand the Record (Doc. 34) .

After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that neither an evidentiary hearing nor discovery is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a state inmate currently incarcerated at Santa Rosa Correctional Institution.  He challenges disciplinary action taken against him on February 21, 2008, Log # 119-080450 (Doc. 24, Ex. G).  Petitioner was found guilty of filing a frivolous or malicious lawsuit in Leon County Circuit Court and lost sixty (60) days of gain time as a result (*id.*).

II.     ANALYSIS

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  In

the instant case, Petitioner raises the following challenges to the disciplinary action: (1) it was taken in retaliation for Petitioner's exercising his First Amendment right to access the courts, (2) it constituted an ex post facto violation, and (3) it was barred by the doctrine of laches (Doc. 1 at 4–5). Respondent contends Petitioner failed to exhaust his state court remedies (Doc. 24).  He further contends Petitioner's claims are without merit (*id.*).  Section 2254 authorizes the court to consider the merits of the claims notwithstanding the failure of the petitioner to exhaust state court remedies, *see* 28 U.S.C. § 2254(b)(2), and the undersigned has elected to review the merits of Petitioner's claims pursuant to that provision.

A.      Retaliation

Petitioner contends the disciplinary action was taken against him in retaliation for his seeking to reinstate two civil cases against prison officials (*see* Doc. 1 at 4; Doc. 3 at 14–17).  Petitioner states he filed two cases in the Leon County Circuit Court, Adamson v. Maher, et al., Case No. 2007-CA-2504 and Adamson v. First Judicial Circuit, Case No. 2007-CA-3160, which were dismissed (Doc. 3 at 14).  He states that he sought to reinstate Adamson v. First Judicial Circuit, Case No. 2007-CA-3160, and notified counsel for the Florida Department of Corrections (FDOC), Joy A. Stubbs and Kathleen Von Hoene, and seventeen days later, he received the disciplinary report for filing a frivolous or malicious lawsuit (*id.* at 14–15).  Petitioner states that two years earlier, on March 17, 2006, Leon County Circuit Court Judge Ferris issued an order dismissing a mandamus petition filed by Petitioner as frivolous and imposing sanctions against him, and the court directed the clerk to send a copy of the order to General Counsel of the FDOC (Doc. 3 at 16–17; Doc. 29 at 13; *see also* Doc. 24, Ex. K).  *See* Adamson v. Crosby, Case No. 2005-CA-002266 (Leon Cty. Cir. Ct. Mar. 17, 2006), *aff'd in part, rev'd in part sub nom.* Adamson v. McDonough, 963 So. 2d 262 (Fla. 1st DCA 2007).  Petitioner states that on July 20, 2007, the Florida First District Court of Appeal (First DCA) affirmed the lower court's conclusion that the mandamus petition was frivolous, and Counsel Stubbs and Von Hoene received copies of that opinion (Doc. 3 at 17).  *See* Adamson v. McDonough, 963 So. 2d 262 (Fla. 1st DCA 2007).  Petitioner contends that the fact that prison officials did not file the disciplinary charge immediately after those decisions and waited until after Petitioner sought to reinstate the other two cases establishes that the disciplinary action was taken in retaliation for his attempting to access the courts (*id.* at 17).

Additionally, Petitioner appears to challenge the sufficiency of the evidence to sustain the disciplinary conviction.  He states that the state statute which authorizes the FDOC to impose disciplinary action against an inmate found to have brought a frivolous or malicious action, Florida Statutes section 944.279, requires that before disciplinary action may be taken, the court must issue a written finding of frivolity and direct that a certified copy of the order be forwarded to the appropriate institution for disciplinary procedures (Doc. 29 at 15–16).  Petitioner states that the officer who filed the disciplinary report, G.K. Waitman, based the disciplinary report on the order issued in Adamson v. First Judicial Circuit, Case No. 2007-CA-3160, which did not include a finding that that action was frivolous and did not direct that a certified copy of the order be sent to Santa Rosa Correctional Institution (id. at 15).  Petitioner acknowledges that he filed a frivolous petition in Adamson v. Crosby, Case No. 2005-CA-002266, but states prison officials did not cite that order as the basis for the disciplinary action (id. at 14–17).

Respondent contends that the order issued in Adamson v. First Judicial Circuit, Case No. 2007-CA-3160 noted that Petitioner had filed frivolous suits and had been sanctioned for that abuse, and it enforced previously imposed sanctions which had been affirmed by the First DCA (see Doc. 24 at 12).  Furthermore, the order itself indicates that a copy of it was sent to the General Counsel for the FDOC (id.).  Therefore, the evidence was sufficient to support the disciplinary conviction (id. at 12–13).  Respondent further contends that a disciplinary decision cannot be deemed to be retaliatory if the inmate actually committed the action for which the disciplinary action was imposed; therefore, Petitioner's retaliation claim should be denied (id. at 14).

Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances.  Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986).  An inmate raises a constitutional claim of retaliation if he establishes that the prison disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment.  Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).  To establish a claim for retaliation, the inmate must show a causal connection between his protected conduct and the harm complained of.  Farrow v. West, 320 F.3d 1235, 1248–49 (11th Cir. 2003).  An inmate cannot state a claim for retaliatory disciplinary proceedings where the "discipline [was] imparted for acts that a prisoner was not entitled to perform."  See Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998) (quoting Orebaugh v. Caspari,

910 F.2d 526, 528 (8th Cir. 1990) (per curiam)); *see also*, <u>Smith v. Fla. Dept. of Corr.</u>, 2008 WL 781824, *2 (11th Cir. Mar. 25, 2008) (unpublished) (copy provided to Petitioner with Respondent's Amended Response (Doc. 24));[1] <u>Romansky v. Stickman</u>, 147 Fed. Appx. 310, 2005 WL 2271154 (3rd Cir. 2005) (where a prisoner is found guilty of a disciplinary infraction, he does not state a claim for retaliation in its writing); <u>Earnest v. Courtney</u>, 64 F.3d 365, 366–67 (8th Cir. 1995) (per curiam) (assignment to utility squad for gambling not retaliatory); <u>Henderson v. Baird</u>, 29 F.3d 464, 465, 469 (8th Cir. 1994) (assault charge and conviction found not to be retaliatory; a finding that a prisoner violated the rules "checkmates" his retaliation claim); <u>Goff v. Burton</u>, 7 F.3d 734, 738 (8th Cir. 1993) (alleged retaliatory transfer); <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996); <u>Wilson v. Phipps</u>, 149 F.3d 1185 (6th Cir. 1998) (Table, text in WESTLAW).

In the instant case, Petitioner was charged with offense 9-32, which provides that an inmate is guilty of an infraction of the rules of prohibited conduct if he "[i]n accordance with s. 944.279(1), F.S., is found by the court to have brought a frivolous or malicious suit, action, claim, proceeding or appeal in any court, or to have brought a frivolous or malicious collateral criminal proceeding . . ." Fla. Admin. Code Ann. r. 33-601.314. The written decision of the disciplinary team states that the decision was "based in part on Officer Waitman's written report as verified through the investigation and evidence that Inmate Adamson brought a frivolous or malicious suit, action, claim, proceeding, or appeal to the Second Judicial Circuit Court in Leon County, Florida" (Doc. 24, Ex. G). Officer Waitman's report stated the following:

> Inmate Adamson, Richard DC#290440 is being charged with a violation of FAC Chapter 33-601.314 Rules of Prohibited Conduct (9-32) filing frivolous or malicious lawsuit. On 2/21/08 at approximately 1500 hours while performing my duties as a senior classification officer, I was reading a court order dismissing frivolous case from Leon County. The courts [sic] decision was that Inmate Adamson brought a frivolous or malicious suit, action, claim, proceedings, or appeals to the court. The court issued their written findings and forwarded a certified copy to the Department for disciplinary procedures pursuant to the rule of the Department as provided in S. 944.09. The classification supervisor was notified and authorized this report.

---

[1] The undersigned cites <u>Smith v. Fla. Dept. of Corrections</u> only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

(Doc. 24, Ex. B).  Attached to the Disciplinary Investigative Report was a copy of the order issued in <u>Adamson v. First Judicial Circuit</u>, Case No. 2007-CA-003160, and that order was apparently shown to Petitioner at the disciplinary hearing (*see id.*, Ex. C; Doc. 34 at 2).  That order states the following:

> By this court's order entered March 17, 2006, in case number 2005-CA-002266, Mr. Adamson was sanctioned by this court for abusing court processes which resulted in the interference with the orderly administration of justice.  In the order imposing sanctions, Mr. Adamson was prohibited from filing further pro se documents in this court.  That order was reversed in part, regarding this court's finding that Mr. Adamson was a "vexatious civil litigant" under section 68.093(d), Florida Statutes.  *Adamson v. McDonough*, ___ So. 2d ___, 32 Fla. L. Weekly D1749, 2007 WL 2065825 (Fla. 1st DCA July 20, 2007).  However, the other bases for this court's imposition of sanctions, and the imposition of the sanctions themselves, were not overturned on appeal.  Accordingly, the sanctions imposed under this court's inherent authority to curtail the abuse of court processes and the disruption of the administration of justice caused by the plaintiff's excessive and frivolous *pro se* litigation in this court are still in force.

> The complaint in the instant case is not a legitimate petition for habeas corpus relief, nor is Mr. Adamson represented by a member of the Florida Bar in good standing.  In light of the order prohibiting Mr. Adamson from further *pro se* filings, the court hereby orders that the complaint in this case is hereby **DISMISSED**.

(Doc. 24, Ex. C; Doc. 29, Ex. 1).  The last page of the order indicates that a copy of the order was sent to General Counsel for the Department of Corrections (Doc. 29, Ex. 1 at 3).

Petitioner concedes that in the order in Case No. 2005-CA-002266, which is referenced in the order attached to the Disciplinary Investigative Report, the court found that Petitioner's mandamus petition was frivolous and directed that a certified copy of the order be sent to the DOC for disciplinary action (*see* Doc. 3 at 16–17; Doc. 24, Ex. L; Doc. 34, exhibit).  However, Petitioner contends that because that order was not submitted in support of the disciplinary charge, and the order that <u>was</u> submitted does not specifically find that the initial pleading in that case was frivolous, Officer Waitman's disciplinary report is false, and there is no basis for the charge.

Initially, the fact that the order in Case No. 2007-CA-003160 was submitted as evidence, and the order in Case No. 2005-CA-002266 was not, does not render Officer Waitman's disciplinary report false.  Officer Waitman did not specify in his report the court order that he reviewed which

formed the basis for the charge.  Furthermore, even if Officer Waitman was referring to the order issued in Case No. 2007-CA-003160, that order referred to the order issued in Case No. 2005-CA-002266, which determined that Petitioner had filed a frivolous pleading and directed that a copy of that order be sent to the DOC.  Therefore, Officer Waitman's statement was sufficient evidence to support the disciplinary decision.[2]

Additionally, Petitioner concedes that he had previously received a copy of the order issued in Case No. 2005-CA-002266 (*see* Doc. 34 at 2); therefore, he was aware of the facts that formed the basis for the disciplinary charge.  While a copy of the order issued in Case No. 2005-CA-002266 was not made available to Petitioner throughout the disciplinary investigation and during the hearing, Petitioner was aware that the order had been issued (he concedes that he had a copy of it at one time), and that order provided a sufficient basis for disciplinary action under Rule 33-601.314 (9-32), that is, that Petitioner was found by a court to have brought a frivolous or malicious suit and a certified copy of the court order was sent to the DOC.  Because discipline was imparted for an act that Petitioner was not entitled to perform, he cannot state a claim for retaliatory disciplinary proceedings. "  *See* Cowans, 150 F.3d at 912.  In light of this determination, Petitioner has failed to

---

[2]In Superintendent, Mass. Correctional Inst. v. Hill, 474 U.S. 445, 455–56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), the Court held:  "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record."  *Id.*, 472 U.S. at 454 (citation omitted).  The court further explained:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ."  United States ex rel. Najtauer v. Commissioner of Immigration, 273 U.S. [103], 106, 47 S. Ct. [302], 304.  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.*, 472 U.S. at 455 (citations omitted).  In Hill, the Supreme Court held that a prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause.  472 U.S. at 456; *see also* Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (prisoner failed to show that he was denied due process in disciplinary proceeding; statements in prison official's written disciplinary report constituted "some evidence" to support conclusion that inmate committed violation; although official did not witness the violation and victim's statements included in the report might be considered inadmissible hearsay at a criminal trial, full panoply of rights due a defendant in a criminal trial did not apply to prison disciplinary proceeding); Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (witnessing officer's violation report is "some evidence").

show good cause for conducting discovery, since the materials he seeks to discover relate to his retaliation claim.

B.      Ex Post Facto

Petitioner next contends the disciplinary action violates the Ex Post Facto Clause because the statute upon which it was based, Florida Statutes section 944.279, states that its provisions apply to frivolous suits filed after September 30, 2004, and although Petitioner filed his mandamus petition in Case No 2005-CA-002266 after that date, he was sentenced to his current term of imprisonment on September 21, 1998, which predates the statutory provision (Doc. 1 at 4; Doc. 3 at 18–19).

To violate the Ex Post Facto Clause, a new statute must inflict "a greater punishment, than the law annexed to the crime, when committed." Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 895, 137 L. Ed. 2d 63 (1997) (quoting Calder v. Bull, 3 Dall. 386, 390, 1 L. Ed. 648 (1798)). An ex post facto law applies to "events occurring before its enactment" and disadvantages the offender by "altering the definition of criminal conduct or increasing the punishment for the crime." Lynce, 519 U.S. at 441 (quoting Collins v. Youngblood, 497 U.S. 37, 50, 110 S. Ct. 2715, 2723, 111 L. Ed. 2d 30 (1990)).  A court must determine whether a statute "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." See California Department of Corrections v. Morales, 514 U.S. 499, 509, 115 S. Ct. 1597, 1603, 131 L. Ed. 2d 588 (1995).

In the instant case, under both the prior and current versions of the statute and related administrative regulation, forfeiture of gain time for filing a frivolous lawsuit was a potential, not mandatory, punishment.  See Fla. Stat. § 944.279(1); Fla. Admin. Code Ann. r. 33-601.314 (9-32). Rule 33-601.314 provides a table showing the maximum penalties that may be imposed for each listed disciplinary infraction, including the maximum number of days of disciplinary confinement that may be imposed and the maximum number of days of gain time that may be taken.  The rule expressly states, "Any portion of either penalty may be applied." Id. (emphasis added).  Because the forfeiture of gain time is not mandatory, but merely possible, the undersigned concludes that the amended statute and related disciplinary regulation did not produce a sufficient risk of increasing

the measure of punishment attached to Petitioner's crimes to constitute an ex post facto violation.[3]

Accordingly, Petitioner is not entitled to habeas relief on this claim.

     C.    Laches

     As his final claim, Petitioner contends the disciplinary report was barred by the doctrine of laches because it was brought two years after issuance of the order in Leon County Circuit Court Case No. 2005-CA-002266 (Doc. 1 at 5; Doc. 3 at 26–32).  Laches is an equitable doctrine which bars a party from bringing a claim if the party unreasonably delayed in bringing the claim and the delay prejudiced the responding party in its ability to respond.  *See* Baxter v. Estelle, 614 F.2d 1030, 1032–33, 1035 (5th Cir. 1980).[4]  In the instant case, Petitioner has failed to show that the two-year lapse between issuance of the circuit court's order in Case No. 2005-CA-002266 on March 17, 2006, and the writing of the disciplinary report by Officer Waitman on February 21, 2008, constituted an unreasonable delay or that the delay prejudiced his ability to defend the disciplinary charge.  Initially, the order issued in Case No. 2005-CA-002266 was on appeal until July 20, 2007, *see* Adamson v. McDonough, 963 So. 2d 262 (2007), and it was not unreasonable for the DOC to wait until the order was final before taking disciplinary action based upon the order.  The remaining delay, from July of 2007 to February of 2008, was only seven months and falls far short of the delays recognized by previous courts as unreasonable.  *See* Baxter, 614 F.2d at 1030 (fifteen-year delay in raising Sixth Amendment challenge to conviction was unreasonable).  Additionally, Petitioner has failed to show any particularized prejudice arising from the delay.  Petitioner asserts he was prejudiced because if he had known that the DOC would pursue disciplinary action against him for filing the mandamus action in Case No. 2005-CA-002266, he would have filed a motion for rehearing of the First DCA's decision affirming the circuit court's determination that the mandamus petition was frivolous and, if necessary, sought certiorari review by the Florida Supreme Court (Doc. 3 at 28–30).  Accepting Petitioner's position would result in a rule requiring the DOC to file a

---

[3]For this reason, Petitioner's reliance upon Britt v. Chiles, 704 So. 2d 1046 (Fla. 1997) is misplaced.  The statute at issue in that case mandated the revocation of Britt's future sentence credits for certain disciplinary infractions, whereas the previous version of the statute in effect at the time Britt committed the offenses for which he was incarcerated provided that a prisoner's gain time may be revoked for the same infractions.  704 So. 2d at 1047–48.

[4]Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

disciplinary charge before the court order upon which the charge is based is legally final, which is a legally unsound requirement.  Furthermore, Petitioner has failed to show that he had a meritorious basis for seeking rehearing by the First DCA or certiorari review by the Florida Supreme Court, or that there is a reasonable probability that he would have succeeded in overturning the frivolity determination.  Petitioner has failed to show that the DOC's delay in bringing the disciplinary charge was unreasonable or that he was prejudiced in his ability to defense the charge.  Therefore, Petitioner is not entitled to federal habeas relief on his claim.

Accordingly, it is therefore **ORDERED**:

1.      Petitioner's Motion for Discovery (Doc. 33) is **DENIED**.

2.      Petitioner's Motion to Expand the Record (Doc. 34) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the habeas petition challenging the disciplinary decision issued on February 21, 2008, Log # 119-080450, (Doc. 1) be **DENIED**.

At Pensacola, Florida, this 17th day of November 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**